UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

PAYNE T. RANDLE,

    Plaintiff,

    v.   CAUSE NO. 1:21-CV-425-HAB-SLC

DAVID GLADIEUX, et al.,

    Defendants.

OPINION AND ORDER

Payne T. Randle, a prisoner without a lawyer, filed a complaint against Sheriff David Gladieux, the Allen County Jail, and an unknown U.S. Marshall. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Randle is a pre-trial detainee facing federal charges. The U.S. Marshals Service placed him in the Allen County jail from March 30, 2021, until November 2021. ECF 1; ECF 4. He alleges that the jail was overcrowded, understaffed, and unsafe, resulting in unconstitutional conditions of confinement. Because Randle is a pretrial detainee, his claims about the conditions of the jail must be assessed under the Fourteenth

Amendment, which prohibits holding pretrial detainees in conditions that "amount to punishment." *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). The Fourteenth Amendment guarantees inmates "the minimal civilized measure of life's necessities," which includes "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (citations omitted). If a pretrial condition falls below this level, a plaintiff must show the condition was the result of a defendant's purposeful, knowing, or perhaps reckless conduct and that the defendant's conduct was objectively unreasonable. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472-74 (2015*)*). A defendant's conduct is objectively unreasonable if the challenged condition "is 'imposed for the purpose of punishment,' or . . . if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless . . ..'" *Mulvania*, 850 F.3d at 856 (quoting *Bell*, 441 U.S. at 538-39). However, "negligent conduct does not offend the Due Process Clause," so a showing of negligence or even gross negligence will not suffice. *Miranda*, 900 F.3d at 353.

Randle alleges that, due to understaffing and overcrowding, he was placed on lockdown in a cell with two other inmates for a minimum of fifteen days. He asserts that he was forced to sleep near a toilet with the constant smell of urine. These conditions increased stress and Randle was involved in a physical altercation. Randle was then placed in disciplinary confinement for forty days. While in disciplinary confinement, he was again housed with two other inmates and required to sleep near a

2

toilet. Additionally, he complains that correctional officers closed the door to his cell, depriving him of access to a restroom for hours at a time. And, he complains that he was not permitted outdoor recreation, which exacerbated his depression and anxiety. Randle further alleges that there was a water leak in the cell next to his, and correctional staff addressed the leak by putting towels down. Those towels were changed once a week, and they emitted a foul smell.

Being housed with two other men in a two-man cell, without more, does not rise to the level of a constitutional deprivation. The Supreme Court considered the constitutionality of housing two pretrial detainees on bunkbeds in a one-person cell and concluded, "[w]e simply do not believe that requiring a detainee to share toilet facilities and this admittedly rather small sleeping place with another person for generally a maximum period of 60 days violates the Constitution." *Bell v. Wolfish*, 441 U.S. 520, 543 (1979). Further, sleeping on a mat on the floor, while uncomfortable, does not deprive a person of the minimal civilized measure of life's necessities. *See, e.g., Rodmaker v. Krienhop*, No. 4:14-cv-070-TWP-TAB, 2014 U.S. Dist. LEXIS 100067 at *6 (S.D. Ind. July 23, 2014) (collecting cases) (pretrial detainees have no constitutional right to have an elevated bed and may be required to sleep with their mattress on the floor); *Robeson v. Squadrito*, 57 F. Supp. 2d 645, 647 (N.D. Ind. 1999) (same).

While the complaint additionally alleges that Randle was required to sleep close to a toilet, denied access to the toilet, denied recreation, and endured an unpleasant smell due to a nearby water leak, he does not allege that Sheriff Gladieux had knowledge of these conditions. Liability under 42 U.S.C. § 1983 requires that the

3

defendant be personally involved in the violation of the plaintiff's constitutional rights. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). While Randle alleges that Sheriff Gladieux knew generally that there were problems with overcrowding, understaffing, and building safety, there is no basis to infer Sheriff Gladieux knew that Randle was forced to sleep near a toilet at times, denied access to a toilet at other times, denied recreation, or endured a foul smell resulting from a water leak. Sheriff Gladieux cannot be sued solely based on his supervisory position. There is no general respondeat superior liability under § 1983, which means an individual cannot be held liable simply because they oversee operations in a correctional facility or supervise lower-level staff. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Here, the complaint does not allege the personal involvement required for liability.

Furthermore, Randle has sued the Allen County jail, but it is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

Additionally, Randle has sued an unnamed U.S. Marshall, but he cannot sue an unnamed defendant as a placeholder. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.").

This complaint does not state a claim for which relief can be granted. Nevertheless, Randle may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in

4

early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Payne T. Randle until **March 15, 2022**, to file an amended complaint; and

(2) CAUTIONS Payne T. Randle if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on February 15, 2022.

                                       s/ *Holly A. Brady*
                                       JUDGE HOLLY A. BRADY
                                       UNITED STATES DISTRICT COURT